IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC L. TOLONEN,

                                                        OPINION and ORDER

                  Plaintiff,

                                                        12-cv-782-bbc

    v.

DR. RICHARD HEIDORN,
JEANETTE ZWEIRS,
DR. DAVID BURNETT, and
DR. KENNETH ADLER,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Eric Tolonen, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, is proceeding in forma pauperis on his claim under 42 U.S.C. § 1983 that defendants are failing to treat his severe dermatitis and cystic acne. Several motions are before the court. First, plaintiff filed a motion for preliminary injunction, which the parties have completed briefing. In addition to their response, defendants have filed a motion to amend their response to paragraph 33 of plaintiff's proposed findings of fact. After considering the proposed findings of fact submitted by both parties, I will deny plaintiff's motion for preliminary injunction. Because I am denying plaintiff's motion for preliminary injunction, defendants' motion to amend their response will be denied as moot.

      Defendants have filed also a motion for summary judgment, arguing that their conduct was not deliberately indifferent to a serious medical need and that they are entitled

to qualified immunity. In response, plaintiff submitted a document titled "Brief in Opposition to Defendants' Motion for Summary Judgment," that I am construing as a motion for extension of time to file his response, and I will grant this motion.

Plaintiff has also filed a renewed motion for assistance in recruiting counsel and a motion to add Debra Tidquist as a defendant. I have construed the latter as a motion to amend the complaint and will deny both motions.

OPINION

A. Plaintiff's Motion to Add Debra Tidquist as Defendant

Plaintiff has filed a motion to add a nurse practitioner Debra Tidquist as a defendant. I will construe this filing as a motion to amend the complaint. Because defendants have answered plaintiff's complaint, plaintiff cannot amend it without leave of the court. Fed. R. Civ. P. 15(a). Although Rule 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires," the United States Supreme Court has explained that a district court has the discretion to deny leave for "any apparent or declared reason" including "futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

The relief plaintiff is requesting is to see a dermatologist. In his motion to amend, plaintiff seeks to add Tidquist because she denied plaintiff's request to see a dermatologist and is therefore "liable for plaintiff's injuries." Dkt. # 49, at 2. However, plaintiff has already named several defendants, including Richard Heidorn, David Burnett and Kenneth Adler, who can ultimately authorize a dermatology referral and are in positions superior to

Tidquist. Plaintiff is highly unlikely to prevail against Tidquist to the exclusion of Heidorn, Burnett and Adler. Because this case has reached the summary judgment stage and adding Debra Tidquist would not increase plaintiff's likelihood of obtaining the relief he seeks, I will deny plaintiff's motion.

### B. Plaintiff's Motion for Preliminary Injunction

The following facts are taken from the parties' proposed findings of fact submitted in regard to plaintiff's motion for preliminary injunctive relief. Unless otherwise noted, the following facts are undisputed.

1. Facts

Plaintiff is a prisoner incarcerated at the Jackson Correctional Facility. Plaintiff suffers from severe cystic acne and dermatitis. Plaintiff was previously incarcerated at the Green Bay Correctional Institution and the Stanley Correctional Institution. Plaintiff alleges that his skin conditions have caused him severe mental and emotional distress for which he has sought treatment. (Defendants deny that acne is the cause of plaintiff's mental and emotional problems). Defendant Lizzie Tegels is the warden at the Jackson Correctional Institution. Defendant Jeanette Zwiers is the Health Services Unit manager at the Green Bay Correctional Institution. Defendants Richard Heidorn, David Burnett and Kenneth Adler are medical doctors. Heidorn retired from the Green Bay Correctional Institution in 2012, but continues working at the Sanger Powers Correctional Camp and the Drug Abuse

3

Correctional Center. Adler works at the Jackson Correctional Institution. Burnett is the medical director of the Bureau of Health Services in Madison, Wisconsin.

Plaintiff had visible acne on his face when he was booked in the Washington County jail on November 16, 2002. Since 2003, Department of Corrections staff has been treating plaintiff's skin conditions with a series of medications in various combinations. On August 14, 2003, plaintiff was prescribed the oral medication minocycline for his acne. Plaintiff took minocycline until September 2, 2003, when it was discontinued and plaintiff was prescribed doxycycline instead. In addition to doxycycline, plaintiff was prescribed betasept soap, erythromycin topical solution and daily showers on November 10, 2003.

Plaintiff was prescribed Keflex and Cleocin solution for his acne on January 27, 2004. A month later, plaintiff was also given Accutane for three weeks. On March 18, 2004, plaintiff was prescribed benzoyl peroxide and clindamysin, which are topical solutions. Plaintiff switched back to minocycline from doxycycline on April 30, 2004.

Defendant Heidorn evaluated plaintiff on September 21, 2004. Heidorn discontinued the minocycline and prescribed hydrocortisone cream, cephalexin and daily showers instead. On November 17, 2004, Heidorn adjusted plaintiff's treatment again by substituting erythromycin for cephalexin and prescribing benzoyl peroxide.

On January 11, 2005, defendant Heidorn discontinued erythromycin and prescribed a 10-day course of Augmentin for plaintiff's acne. Once the Augmentin treatment was finished, Heindorn prescribed SMZ-Trimethoprim, clindamycin and daily showers. Plaintiff asked to see a dermatologist during a followup visit with Heidorn on July 5, 2005, but

4

Heidorn denied the request, prescribing clindamycin, benzoyl peroxide, and clotrimazole cream.

Plaintiff saw defendant Heidorn again on September 18, 2006. At that time Heidorn stopped SMZ-Trimethoprim and prescribed erythromycin, betasept soap and sulenium sulfide shampoo. On December 21, 2006, Heidorn discontinued the erythromycin and prescribed tetracycline, hydrocortisone cream, betasept soap and benzoyl peroxide. Plaintiff told Heidorn again on March 21, 2007 that he wanted to see a dermatologist, but Heidorn refused the request saying that plaintiff's condition was not severe enough. Heidorn also stopped tetracycline and resumed treatment with SMZ-Trimethoprim in addition to benzoyl peroxide, hydrocortisone cream, and betasept soap.

On April 11, 2007, plaintiff sent defendant Jeanette Zwiers a request to see a dermatologist. Zwiers denied the request because it would be impossible to get approval of an offsite appointment given defendant Heidorn's opinion that plaintiff's condition was not severe enough. Zwiers instructed plaintiff to follow Heidorn's treatment plan.

Dr. Braunstein evaluated plaintiff at Stanley Correctional Institution on January 11, 2008. Noting that plaintiff had suffered from cystic acne for a long time, Braunstein put plaintiff on a Class III list for referral to a dermatologist. Defendant David Burnett denied the request. (Defendants have filed a motion to amend their response to this allegation but that motion is ultimately moot because I am denying plaintiff's request for preliminary injunction). On January 17, 2008, Braunstein changed plaintiff's prescription to doxycycline in place of minocycline. Hannula added a prescription for ketoconazole cream on March 13,

5

2008.

Plaintiff asked again to see a dermatologist during a consultation with a nurse practitioner on December 11, 2008. The nurse practitioner submitted a Class III request. Defendant Burnett denied the request. On December 23, 2008, Bentley prescribed Bactrim and fluocinonide solution for plaintiff's acne. Bentley also applied for the non-formulary drug tretinoin. Bentley prescribed Bactrim again on August 21, 2009.

Plaintiff consulted with Hannula again on May 11, 2010. Hannula prescribed clindamycin, benzoyl peroxide, and selenium sulfide shampoo for plaintiff's acne and dermatitis. On January 19, 2011, plaintiff consulted with defendant Dr. Adler, who prescribed doxycycline. Adler added ketoconazole shampoo for plaintiff's dermatitis on March 31, 2011. Adler continued treating plaintiff with doxycycline on September 16, 2011. Debra Tidquist prescribed doxycycline again on May 8, 2012 along with trimacinolone cream for dermatitis.

On July 21, 2012, plaintiff was prescribed Bactrim and Rocephin for a "severe cystic acne eruption." On August 15, 2012, defendant Adler examined plaintiff, performed a needle puncture of three cysts and obtained culturettes of pus. Alder also prescribed minocycline and benzoyl peroxide for plaintiff's acne. Plaintiff met with Adler again on January 9, 2013, complaining of stomach pains from taking ciprofloxacin for acne. Adler discontinued ciprofloxacin and prescribed cephalexin.

2. Opinion

The standard applied to determine whether a plaintiff is entitled to preliminary injunctive relief is well established:

> A district court must consider four factors in deciding whether a preliminary injunction should be granted: 1) whether the plaintiff has a reasonable likelihood of success on the merits; 2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and 4) whether the granting of a preliminary injunction disserve the public interest.

Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989). At the threshold, plaintiff must show some likelihood of success on the merits and that irreparable harm will result if the requested relief if denied. If plaintiff makes both showings, the court then moves on to balance the relative harms and public interest, considering all four factors under a "sliding scale" approach. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997). Thus, to obtain a preliminary injunction, a movant must first prove that his claim has "at least some merit." Digrugilliers v. Consolidated City of Indianapolis, 506 F.3d 612, 618 (7th Cir. 2007)(citing Cavel international, Inc. v. Madigan, 500 F.3d 544, 547 (7th Cir. 2007)).

After considering the parties' submissions, I will deny the motion because plaintiff has failed to show some likelihood of success on the merits of his § 1983 claim. Plaintiff contends that each of the defendants denied or are denying him adequate medical care under the Eighth Amendment. Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious

medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Plaintiff alleges that his severe cystic acne is a serious medical need. For plaintiff, this chronic condition is sufficiently painful and embarrassing to cause emotional distress. Defendants do not believe that plaintiff's acne is severe enough to warrant a referral to a dermatologist. I have not found any decision holding that acne is a serious medical need, the condition "can be painful and extensive." Whether a specific case of acne represents a serious medical need is a question of fact to be addressed at trial. Downs v. Andrews, 1986 U.S. Dist. LEXIS 15815, 7-8 (S.D. Ga. Dec. 30, 1986). Because the severity of plaintiff's acne is a dispute of material fact, I will not decide as a matter of law whether it is a serious medical need.

Plaintiff contends that defendants are deliberately indifferent to his severe cystic acne because they intentionally persist in treatment that is ineffective and refuse to refer plaintiff to a dermatologist. The deliberate indifference standard is high. Deliberate indifference can include persisting in treatment "known to be ineffective." Greeno v. Dailey, 414 F.3d 645, 655 (7th Cir. 2008). However, a disagreement with a doctor's medical judgment or "mere medical malpractice" is not enough. Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007). Plaintiff must also show that "the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." Estate of Cole v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).

Plaintiff wants to see a dermatologist but defendants do not believe that a referral is medically necessary. Prisoners are not entitled to receive the particular medical treatment of their choice. Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). The undisputed facts show that although plaintiff has not received the specific treatment he wants from defendants, they have provided him with other treatment options. Defendants have prescribed a series of different medications, soaps and topical ointments and continue to try new courses of treatment. For example, plaintiff was taking ciprofloxacin, a drug he does not allege he tried before, as recently as January 2013. Plaintiff has not provided any expert testimony or other evidence in his submissions in support of his motion for preliminary injunction showing that these courses of treatment are "a substantial departure" from existing professional norms. Without such evidence, plaintiff's claim amounts to a disagreement with defendants about his treatment. Because plaintiff has not adduced any evidence showing that defendants acted below the minimal standard of competence, I conclude that he has failed to show some likelihood of success on his claim of deliberate indifference.

### C. Plaintiff's Motion for an Extension of Time

Defendants have filed a motion for summary judgment arguing that defendants' conduct has not been deliberately indifferent to a serious medical need and that defendants are entitled to qualified immunity. Rather than file his substantive response by the deadline set by the court, plaintiff submitted a document titled "Brief in Opposition to Defendant's

9

Motion for Summary Judgment" that is actually a motion for an extension of time to file his response, to allow him to obtain affidavits from various Department of Corrections staff that would speak to acne as a serious medical need. I will grant plaintiff's request because defendants filed proposed findings of fact in support of their motion for summary judgment that are much more specific and detailed than what plaintiff has submitted so far. It is reasonable for plaintiff to have additional time to review these facts and respond. Therefore, I will give plaintiff one month in which to respond to defendants' proposed findings of fact and motion for summary judgment. Defendants will have 14 days to reply.

### D. Plaintiff's Renewed Motion for Assistance in Recruiting Counsel

Plaintiff has renewed his previous motion for the court's assistance in recruiting counsel to assist him." I will deny his motion because I am still not convinced that the legal and factual difficulty of the case exceeds plaintiff's ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). However, the denial of his motion is without prejudice, so plaintiff may renew the motion should the case progress past the summary judgment stage.

### ORDER

IT IS ORDERED that

1. Plaintiff's motion to add Debra Tidquist as a defendant, dkt. #49, is DENIED.
2. Plaintiff's motion for preliminary injunction, dkt. #20, is DENIED.

3. Defendants' motion to amend their response to paragraph 33 of plaintiff's proposed findings of fact in support of preliminary injunction, dkt. #52, is DENIED as moot.

4. Plaintiff's motion for an extension of time to file a response to defendants' motion for summary judgment, dkt. #50, is GRANTED. Plaintiff may have until August 23, 2013 to file his response to defendants; motion for summary judgment. Defendants may have until September 6, 2013 to file their reply.

5. Plaintiff's renewed motion for assistance in recruiting counsel, dkt. #33, is DENIED without prejudice.

Entered this 23rd day of July, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge