IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ERIC L. TOLONEN,

                Plaintiff,

v.

DR. RICHARD HEIDORN, *et al.*,

                Defendants.

ORDER

12-cv-782-bbc

---

      Plaintiff Eric Tolonen, a prisoner at the Jackson Correctional Institution, located in Black River Falls, Wisconsin, is proceeding *in forma pauperis* on his claim under 42 U.S.C. § 1983 that defendants are failing to treat his severe dermatitis and cystic acne. Now plaintiff has filed several motions, which include a motion to appoint an expert in dermatology, a motion to take depositions, a motion to pay deposition costs out of his release account funds and two motions for extension of time.

      First, plaintiff asks the court to appoint an expert to help him prove his deliberate indifference claim. I am denying this moton. Congress has authorized the federal courts to waive prepayment of full filing fees and the cost of transcripts if a party qualifies to proceed *in forma pauperis*. 28 U.S.C. § 1915. However, there is no statutory provision permitting courts to appoint expert witnesses at government expense for persons proceeding *in forma pauperis* in civil damage actions. *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987). Rules 706 and 614 of the Federal Rules of Evidence give the district courts discretion to appoint an *impartial* expert witness to assist the court in evaluating complex scientific evidence. In *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991), the court of appeals suggested that the district court might appoint an impartial expert to help the court evaluate the scientific evidence bearing on the

plaintiff inmate's claim that his Eighth Amendment rights were violated as a result of his exposure to secondary cigarette smoke. The court interpreted Federal Rule of Evidence 706(h) as giving the district court the discretion to apportion costs to one side. *Id*. at 1511.

But plaintiff is not asking the court to appoint an impartial expert to help evaluate his evidence and that of defendants. Instead, he appears to be asking for the court to bear the cost of a witness who would testify on his behalf. As helpful as such a witness might be to plaintiff's prosecution of his claim, the court has no money to help plaintiff pay for such a witness if he even finds one. The court told plaintiff this in the February 26, 2013 preliminary pretrial conference order, *see* dkt. 19 at 4. Accordingly, plaintiff's motion to appoint an expert witness is denied. Plaintiff may attempt on his own to find an expert witness who would be willing to provide an expert opinion for free or at a reduced rate.

Next, plaintiff has moved for extension of his August 19, 2013 deadline to disclose an expert in dermatology. Plaintiff did file an expert witness disclosure on August 19, *see* dkt. 62, but if he wishes to supplement his disclosure, then he may have until September 30, 2013 to do so. In light of the court denying plaintiff's request for money to retain an expert, this may be a moot point, but I will give him the extra time anyway. Defendants' expert witness disclosure deadline is moved to October 30, 2013.

Turning to plaintiff's motions to take oral or written depositions of Dr. Kenneth Adler, Dan Huneke, Dr. David Burnett and Dr. Richard Heidorn, plaintiff contends that he needs these depositions so that he can respond to defendants' motion for summary judgment. See dkts. 61 and 65. I am denying these motions because they are unnecessary. (They also happen to be too little too late, but that's not a basis to deny them). Pursuant to Fed. R. Civ. P. 30,

plaintiff does not need the permission of the court to depose the defendants, but he must comply with the all of requirements of Rule 30, including paying the required expenses. In the March 26, 2013, preliminary pretrial conference order, I advised plaintiff of other ways that he could obtain information from defendant. *See* dkt. 19 at 7-8. Plaintiff should have been able to obtain the same information that he would have obtained from depositions in the discovery requests he made to these defendants.

Plaintiff has also filed a motion to pay deposition costs using his release account funds. *See* dkt. 66. I cannot grant this motion. The use of release account funds is governed by state law. *See* Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." The only exception is that release funds can used to pay an initial partial filing fee under the 1996 Prison Litigation Reform Act.

Finally, plaintiff has also filed a motion for extension of time to file his brief in opposition to defendants' motion for summary judgment. *See* dkt. 64. Plaintiff's brief in opposition was due August 23, 2013. Plaintiff requests an extension of time to file his brief in opposition because he says he needs a court-appointed expert and he still needs to conduct the depositions of Dr. Heidorn, Dr. Burnett and Dr. Adler. Now that the court has denied his motions regarding these requests, plaintiff should focus on preparing his responses to defendant's proposed findings of fact, his own proposed findings of fact and evidence supporting those facts, as explained in the court's procedures for briefing summary judgment motions that he has previously been provided.

Because the court's calendar allows for a short extension of the deadlines, plaintiff may now have until September 30, 2013 to submit his materials in opposition to defendants' motion for summary judgment in this case. Defendants's reply deadline is extended to October 10, 2013.

Finally, plaintiff has filed a letter addressed to Judge Crabb requesting that the defendants stipulate to depositions by telephone. As mentioned earlier in this order, plaintiff does not need to seek leave of the court to depose his witnesses. Instead, his request is more properly directed toward defendants provided he follows the requirements of Rule 30.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Tolonen's motion for appointment of an expert witness, dkt. 59, is DENIED.

2. Plaintiff's motions to take deposition, dkts. 61 and 65, are DENIED as unnecessary. It is plaintiff's obligation to set up and pay for any depositions pursuant to Fed. R. Civ. P. 30.

3. Plaintiff's motion for leave to use his inmate release account to pay for deposition costs, dkt. 66, is DENIED.

4. Plaintiff's motion for extension of time to file his expert witness disclosures, dkt. 63, is GRANTED. Plaintiff may have until September 30, 2013 to file his amended expert witness disclosures. Defendants' expert witness disclosures are due October 30, 2013.

5. Plaintiff may have until September 30, 2013 to file his opposition to defendant's motion for summary judgment. Defendants may have until October 10, 2013 in which to file their reply.

Entered this 17th day of September, 2013.

                                    BY THE COURT:

                                    /s/

                                    STEPHEN L. CROCKER
                                    Magistrate Judge