IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC L. TOLONEN,

                                                          OPINION AND ORDER

            Plaintiff,

                                                        12-cv-782-bbc

     v.

DR. RICHARD HEIDORN,
JEANETTE ZWIERS,
DR. DAVID BURNETT,
DR. KENNETH ADLER
and LIZZIE TEGELS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Eric Tolonen, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, is proceeding in forma pauperis on his claim under 42 U.S.C. § 1983 that defendants are failing to treat his severe dermatitis and cystic acne. His case is before the court on defendants' motion for summary judgment and plaintiff's motions to amend the complaint and to stay the proceedings in order to conduct further discovery. After considering the proposed findings of fact and supporting evidence submitted by the parties, I will grant defendants' motion for summary judgment, deny plaintiff's motions and direct the clerk of court to close the case.

1

MOTION TO STAY PROCEEDINGS

I begin with plaintiff's motion to stay the proceedings so that he may obtain further discovery from defendants.  Plaintiff states that he would like to serve interrogatories on defendants, asking them questions such as whether his problems constituted serious medical needs and whether they persisted in ineffective treatment.  The last-minute nature of plaintiff's motion is reason enough to deny it, but in any case, it is unnecessary for plaintiff to seek this type of discovery from defendants because their summary judgment materials already make clear their answers to these questions.  They believe that plaintiff was not suffering from a serious medical need and that they did not persist in ineffective treatment.  Instead, their position is that they have continually tried new treatments, but that plaintiff has not taken his medications consistently.  Accordingly, I will deny plaintiff's motion for stay.

MOTION FOR SUMMARY JUDGMENT

Plaintiff is proceeding on claims that defendants violated his Eighth Amendment right to adequate medical care by failing to properly treat his severe dermatitis and cystic acne, particularly in not referring him to a dermatologist.  A prison official may violate this right if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person.  Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006).  The condition does not have to be life threatening.  Id.  A medical need may be serious if it

"significantly affects an individual's daily activities," <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir. 1998), if it causes significant pain, <u>Cooper v. Casey</u>, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by failing to take reasonable measures. <u>Forbes v. Edgar</u>, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite their awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

In a July 23, 2013 order, I denied plaintiff's motion for preliminary injunctive relief, following defendants' submission of voluminous medical records showing the various different ways in which they attempted to treat plaintiff's maladies. I concluded as follows:

> After considering the parties' submissions, I will deny the motion because plaintiff has failed to show some likelihood of success on the merits of his § 1983 claim. . . .
>
> . . . . Because the severity of plaintiff's acne is a dispute of material fact, I will not decide as a matter of law whether it is a serious medical need.

\* \* \*

Plaintiff wants to see a dermatologist but defendants do not believe that a referral is medically necessary. Prisoners are not entitled to receive the particular medical treatment of their choice. <u>Forbes v. Edgar</u>, 112 F.3d 262, 267 (7th Cir. 1997). The undisputed facts show that although plaintiff has not received the specific treatment he wants from defendants, they have provided him with other treatment options. Defendants have prescribed a

> series of different medications, soaps and topical ointments and continue to try new courses of treatment. For example, plaintiff was taking ciprofloxacin, a drug he does not allege he tried before, as recently as January 2013. Plaintiff has not provided any expert testimony or other evidence in his submissions in support of his motion for preliminary injunction showing that these courses of treatment are "a substantial departure" from existing professional norms. Without such evidence, plaintiff's claim amounts to a disagreement with defendants about his treatment. Because plaintiff has not adduced any evidence showing that defendants acted below the minimal standard of competence, I conclude that he has failed to show some likelihood of success on his claim of deliberate indifference.

Dkt. #58.

Nothing has changed now that I am considering defendants' motion for summary judgment. The parties rely on essentially the same record that was before the court on plaintiff's motion for preliminary injunction, which I set out in detail in the July 23 order and will not reiterate here. I need not consider whether plaintiff's conditions constitute serious medical needs; the record is clear that even if the conditions are serious medical needs, defendants have not been deliberately indifferent to them.

Defendants have submitted a voluminous medical history showing that they provided plaintiff with more than a dozen different topical or oral medications for acne and dermatitis, including antibiotics and hydrocortisone cream, and have given him special antiseptic soap and an allowance for daily showers. They provide expert medical testimony to the effect that plaintiff's conditions were not getting progressively worse, but rather that he had frequent flare-ups, common to his conditions, and that trial and error is often the only way to find effective acne medications. Defendant doctors Richard Heidorn, Kenneth Adler and David Burnett did not send plaintiff to a dermatologist because they did not think that a referral was medically necessary; different treatment options remained open and

plaintiff had stopped taking the prescribed treatments on many occasions, making it more difficult to tell whether certain treatments were working.

For his part, plaintiff states that he stopped taking many of the medications because he believed they were not working and argues that defendants "must experiment to progress, but this does not give the doctor a license to use him as a lab rat, only to discover that the medicine prescribed is ineffective in treating acne" and that "the proper standard of care should have been to send him to a dermatologist, so he could receive a proper diagnosis . . . . or at least [receive a ] culture sample in order to find out the most effective oral antibiotic in treating his cystic acne."  However, plaintiff is not a medical expert and has not provided any medical testimony to support his claims about the alleged ineffectiveness of the prescribed medications (particularly given his repeated decisions to stop taking them) or his proposed standards of care or expert testimony that the defendant doctors' decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." Estate of Cole v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).  No doubt plaintiff is frustrated about defendants' inability to find a medication or other treatment that would end his cystic acne, but their failure does not mean that they were deliberately indifferent to his discomfort.  Much as he might wish it otherwise, medicine is not an exact science.  I conclude that no reasonable jury hearing the facts presented by the parties could find that defendants Richard Heidorn, Kenneth Adler and David Burnett acted with deliberate indifference.

Moreover, regarding non-physician defendants Health Services Unit Manager Jeananne Zwiers and Warden Lizzie Tegels, plaintiff concedes that they did not make medical determinations about his acne or dermatitis and neither of them had authority to approve a referral to a dermatologist. Plaintiff has shown no reason why they could be held responsible for the treatment decisions. Accordingly, I will grant defendants' motion for summary judgment.

## MOTION TO AMEND COMPLAINT

Finally, plaintiff has filed a motion to amend the complaint to reduce the amount of damages he is seeking. Because I am granting defendants' motion for summary judgment, I will deny this motion as moot.

## ORDER

IT IS ORDERED that

1. Plaintiff Eric Tolonen's motion to stay proceedings to conduct further discovery, dkt. #79, is DENIED.

2. The motion for summary judgment filed by defendants Richard Heidorn, Kenneth Adler, David Burnett, Jeananne Zwiers and Lizzie Tegels, dkt. #37, is GRANTED.

3. Plaintiff's motion to amend his complaint to change the amount of damages requested, dkt. #78, is DENIED as moot.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 26th day of November, 2013.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge